UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DANIEL L. DUMONDE

      Plaintiff,

vs.                                          Case No. 1:07-cv-01830 (JR)

REGIONS BANK, MORGAN KEEGAN,
and BRUCE WEATHERFORD

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Regions Bank, Morgan Keegan and Bruce Weatherford hereby move this Honorable Court to dismiss Plaintiff's Complaint against Defendants. As is fully set forth in the accompanying Memorandum of Law, Plaintiff's Complaint should be dismissed on three separate and independent grounds:

    1.      Pursuant to Federal Rule of Civil Procedure 12(b)(2), because Plaintiff has not properly alleged that this Court has jurisdiction over the Defendants; or,

    2.      Pursuant to Federal Rule of Civil Procedure 12(b)(3), because Plaintiff has not properly alleged that venue in this Court is proper; or,

    3.      Pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff has failed to state a claim upon which relief can be granted.

Defendants respectfully request that this Court dismiss Plaintiff's Complaint, with prejudice.

                    Respectfully submitted,

                    /s/ James T. Phalen
                    James T. Phalen (D.C. Bar No. 435205)
                    Brian R. Meiners (D.C. Bar No. 482039)
                    King & Spalding
                    1700 Pennsylvania Avenue, N.W.
                    Washington, D.C. 20006
                    Tel:   202-737-0500
                    Fax:   202-626-3737

                    Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DANIEL L. DUMONDE

    Plaintiff,

vs.                                                        Case No. 1:07-cv-01830 (JR)

REGIONS BANK, MORGAN KEEGAN,
and BRUCE WEATHERFORD

    Defendants.

_____/

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### INTRODUCTION

Plaintiff Daniel L. DuMonde has sued Regions Bank, Morgan Keegan, and Regions Bank Area Security Officer Bruce Weatherford under 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988 because Mr. Weatherford testified at Plaintiff's criminal trial in the United States District Court for the Northern District of Alabama. Plaintiff alleges in cursory fashion that Mr. Weatherford's testimony was part of a conspiracy involving corrupt federal and state law enforcement officers to kidnap and falsely imprison him. The gravamen of Plaintiff's Complaint appears to be that he is not guilty of the crime for which he was indicted (and apparently convicted), and thus, he alleges that he was kidnapped when taken into custody by law enforcement, and his continued incarceration constitutes false imprisonment. Whatever the strength of the Government's case against Plaintiff, Mr. Weatherford's trial testimony cannot subject either him, Regions Bank or Morgan Keegan to liability under federal civil rights laws.

As is fully discussed below, Plaintiff's Complaint should be dismissed for the following reasons:

1. This Court lacks personal jurisdiction over Defendants;

2. Venue is not proper.

3. As a trial witness, Mr. Weatherford cannot be sued under 42 U.S.C. § 1983;

4. Plaintiff has failed to plead a claim under 42 U.S.C. 1985(3) because he has failed to allege that Mr. Weatherford was involved in an alleged conspiracy, or conspired to deprive him of his rights due to an invidious, discriminatory animus.

5. Plaintiff has failed to allege a violation of 42 U.S.C. § 1986 because he has failed to allege that Mr. Weatherford had knowledge that a § 1985 violation was about to be committed, or that he had the power to prevent its commission;

6. Plaintiff cannot allege a violation of 42 U.S.C. § 1988 because that statute confers no substantive rights on Plaintiff;

7. Regions Bank and Morgan Keegan cannot be liable for Mr. Weatherford's alleged conduct because 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988 do not allow for *respondeat superior* liability.

## FACTUAL BACKGROUND

Plaintiff alleges that he has been wrongly indicted (and apparently convicted) of "bank fraud" under 18 U.S.C. § 513(a) in the Northern District of Alabama. *See* Complaint Ex. A. It appears that Plaintiff and Wade Richard Walker were charged with using a forged check to obtain a diamond ring from Bobbie Jackson. Complaint at page 4, ¶ 1. The indictment charged that Plaintiff "knowingly . . . made, possessed, and uttered, a counterfeited security, that is, an official check in the amount of $16,500, drawn on Regions Bank." *Id.* at Ex. A. Plaintiff appears to admit that the check at issue was a forgery, but apparently defended the criminal case on the

2

theory that he did not know it was a forgery. *See* Complaint at 3, ¶ 1 ("Plaintiff received a diamond ring from Wade Richard Walker, & [sic] sold this property, unaware that Mr. Walker had exchanged a *Falsely concocted [sic] check* to victim, a Ms. Bobbie Jackson.") (emphasis added).

At Plaintiff's criminal trial Mr. Weatherford testified that the check bore a Regions Bank routing number that "would cause that check to be sent to Regions Bank. However, it could not post, to the account, because the account number is non-existent at Regions Bank." *Id.* at Ex. D. Plaintiff does not appear to allege that Mr. Weatherford's testimony was false, only that

> Mr. Weatherford's presense [sic] and irresponsible statements infered [sic] and tended to appear to implicate this Plaintiff in some type of crime against Region's Bank, where No [sic] such crime had occurred, and where Region's Bank was not the agrieved Party [sic].

Complaint at 3; *see also id.* (Mr. Weatherford's testimony "also inferred to the trier of fact" that Regions Bank and Morgan Keegan had been injured by Plaintiff's conduct).

Plaintiff, who allegedly suffers from an unidentified disability, uses this trial testimony as the basis for his allegation that Defendants somehow conspired with allegedly corrupt state and local law enforcement officers to "conceal[] the underlying and actual fact that this Plaintiff was kidnapped from his home by use of fake-arrest warrant instruments." Complaint at 3 (emphases omitted). However, Plaintiff does not allege facts sufficient to show anything other than that Mr. Weatherford testified truthfully at Plaintiff's trial.

## ARGUMENT

I. **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO ALLEGE THAT THIS COURT HAS JURISDICTION OVER THE DEFENDANTS.**

Plaintiff bears the burden of proving that the Defendants are subject to the court's jurisdiction. In order to meet this burden, "a plaintiff must establish a factual basis for the court's exercise of personal jurisdiction . . . by alleging specific facts connecting the defendant with the forum." *Moundridge v. Exxon Mobil Corp.*, 471 F. Supp. 2d 20, 20-21 (D.D.C. 2007) (ellipsis in original, brackets omitted). Plaintiff has failed to meet this burden here. His allegations are not sufficient to give this court jurisdiction to consider Plaintiff's claims about alleged torts allegedly committed in the Northern District of Alabama. *See* Complaint Ex. A.

A. **Plaintiff's Complaint Contains No Allegations that Support This Court's Jurisdiction Over Mr. Weatherford.**

Plaintiff has failed to allege that Mr. Weatherford resides in the District of Columbia, or is otherwise subject to this Court's jurisdiction. *See Comsat Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 519 (D.D.C. 1995) ("A federal court may exercise personal jurisdiction over a non-resident defendant only when service of process is authorized by statute and only when consistent with due process of law"); D.C. Code § 13-422 (2001) ("A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its personal place of business in, the District of Columbia as to any claim for relief."); *see also Marshall v. Labor & Indus., State of Wash.*, 89 F. Supp. 2d 4, 9 (D.D.C. 2000) (holding that the court lacked jurisdiction over defendants because "neither the plaintiff nor the defendants have any connection to the District of Columbia and all of the tortious acts alleged by plaintiff occurred in [a different state]").

4

The D.C. long-arm statute does not confer personal jurisdiction over Mr. Weatherford because Plaintiff's Complaint fails to allege that Mr. Weatherford had any contacts with the District of Columbia, much less the requisite statutory and constitutional minimum contacts. *See generally* D.C. Code § 13-423 (2001) (providing statutory requirements); *Wiggins v. Equifax Inc.*, 853 F. Supp. 500, 502 (D.D.C. 1994) (asserting the Due Process requirement that "the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice'" (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 107 (1987)).

### B. Plaintiff's Allegations Do Not Support Exercise of Long-Arm Jurisdiction Over Regions Bank and Morgan Keegan.

Plaintiff alleges that this court has jurisdiction over Regions Bank and Morgan Keegan because they "do business of Banking [sic] and do transact business with other financial Corporations [sic] in Washington, D.C." Complaint at I. As Plaintiff's claim against Regions Bank and Morgan Keegan does not arise from any alleged conduct in the District of Columbia, these defendants may be subject to this court's general jurisdiction only if Regions Bank's and Morgan Keegan's "contacts with the District have been so continuous and systematic that it could foresee being haled into court in the District of Columbia." *Moundridge*, 471 F. Supp. 2d at 24. In *Moundridge*, where the plaintiff's alleged that defendant ChevronTexaco had an office in the District of Columbia, the court held that the plaintiffs had not adequately alleged jurisdiction because they "failed to provide any information showing what if any business ChevronTexaco conducts in its office in the District of Columbia." *Id.* Here, plaintiff only alleges that Regions Bank and Morgan Keegan "do business of Banking [sic] and do transact business with other financial Corporations [sic] in Washington, D.C." Complaint at I. This cursory allegation is not sufficient to support the conclusion that Regions Bank and Morgan Keegan have sufficient contacts with the District of Columbia that they could expect to be haled

5

into court in the District of Columbia to respond to allegations of tortious conduct in the Northern District of Alabama.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER.

The proper venue for civil actions not founded on diversity jurisdiction is: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Venue is not proper under 28 U.S.C. § 1391(b)(1) because Plaintiff has not alleged that any of the Defendants reside in the District of Columbia.

Venue is not proper under 28 U.S.C. § 1391(b)(2) because Plaintiff has not alleged that "a substantial part of the events or omissions giving rise to the claim" occurred in this district. In fact, Plaintiff has alleged that the events giving rise to the claim occurred in another federal district: the Northern District of Alabama. *See* Complaint, Ex. A.

Even assuming for the sake of this argument only that any defendant may be found in this district, venue is not proper under 28 U.S.C. § 1391(b)(3) because Plaintiff has not alleged that there was "no district in which the action may otherwise be brought." *Id.* Plaintiff has failed to allege that suit could not be brought in the Northern District of Alabama, the venue of Plaintiff's criminal trial. In addition, he has failed to allege that Defendants do not reside in the same state, which would allow this suit to proceed in a judicial district where any defendant resides. *Id.*

As such, venue in this district is not appropriate, and this matter should be dismissed.

III. **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS BECAUSE TRIAL TESTIMONY CANNOT GIVE RISE TO CIVIL LIABILITY UNDER 42 U.S.C. § 1983.**

A violation under section 1983 requires a plaintiff to prove: (1) a deprivation of a right established by the Constitution or law, and (2) an act "under color of [law]" by the defendant. *See* 42 U.S.C. § 1983; *see also Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991). Although Plaintiff appears to contend that Mr. Weatherford's testimony violated his civil rights by "tend[ing] to appear to implicate the Plaintiff in some type of crime" (Complaint at 3), trial testimony enjoys absolute immunity from liability under section 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983) (Section 1983 "does not allow recovery of damages against a private party for testimony in a judicial proceeding"); *see also Gray v. Poole*, 275 F.3d 1113, 1117 (D.C. Cir. 2002) (affirming dismissal of § 1983 claim because a social worker who submitted a signed statement to the court in a child neglect proceeding was a witness and thus, "entitled to absolute immunity from suit"); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (affirming the dismissal of conspiracy claims under 42 U.S.C. §§ 1983, 1985(2), and 1986 against private and state actors "on the grounds of absolute witness immunity"); *Caldwell v. Green*, 451 F. Supp. 2d 811, 819 (W.D. Va. 2006) ("[W]itnesses in judicial proceedings receive 'absolute immunity from damages liability under § 1983 based on their testimony.'" (quoting *Briscoe*, 460 U.S. at 326)).

This immunity should certainly apply here, where Plaintiff appears to acknowledge that Mr. Weatherford testified truthfully regarding the check at issue. *See* Complaint at 4, ¶ 1 (alleging that, although unknown to the Plaintiff, the check at issue was "falsely concocted" by someone else).

IV. **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1985(3) BECAUSE IT DOES NOT ADEQUATELY ALLEGE A CONSPIRACY.**

A Complaint alleging a § 1985(3) conspiracy must allege: (1) a conspiracy; (2) for the purpose of depriving a person of equal protection or privileges and immunities under the law; (3) motivated by "some class based, invidiously discriminatory animus"; (4) that deprives a person of equal protection or privileges and immunities under the law. *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997). A plaintiff must assert more than conclusory allegations that a conspiracy exists. *See Parker v. Grand Hyatt Hotel*, 124 F. Supp. 2d 79, 88 (D.D.C. 2000) (dismissing the plaintiff's conspiracy claim because the plaintiff failed to allege any facts revealing "a prior agreement or understanding"); *Graves*, 961 F. Supp. at 321 (dismissing the plaintiff's civil rights conspiracy claim because "[o]ther than this conclusory allegation . . . the plaintiff has failed to allege any facts showing the existence or establishment of an agreement"); *see also Sales v. Murray*, 862 F. Supp. 1511, 1517 (W.D. Va. 1994) ("Where the complaint makes only conclusory allegations under § 1983 and § 1985 and fails to allege facts suggesting an agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint."); *Theis v. Smith*, 676 F. Supp. 874, 877 (N.D. Ill. 1988) ("In order to plead a § 1983 conspiracy between private persons and state officials, plaintiffs must allege an agreement to deprive them of their constitutional rights. Boilerplate allegations of such an agreement are insufficient.").

Plaintiff's Complaint does not allege any *facts* that would tend to show a conspiracy between the Defendants and the allegedly corrupt government officials; instead, his Complaint impermissibly relies solely on conclusory allegations of conspiracy. In fact, the majority of Plaintiff's twelve-page Complaint focuses on the actions of the allegedly corrupt government actors. When he does address the actions of the Defendants, the Complaint merely alleges that

8

they "conspired," "assisted," "colluded," and "participated" in the alleged conspiracy. Such vague allegations against the Defendants fail to state a conspiracy claim. *See Graves*, 961 F. Supp. at 320–21 (dismissing the plaintiff's section 1985(3) conspiracy claim because the allegations that the defendants "colluded" and engaged in a "sophisticated scheme to thwart plaintiff's [rights]" did not allege any facts revealing an agreement between the defendants).

Plaintiff's Complaint also fails to allege that the alleged conspiracy was motivated by discriminatory animus. *See Griffin v. Breckendridge*, 403 U.S. 88, 102 (1971) (holding that section 1985(3) applies to private conspiracies involving "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions. The conspiracy, in other words, must aim at deprivation of the equal enjoyment of rights secured by the law to all."); *see also Graves*, 961 F. Supp. at 320, 322 ("Beyond alleging that he belongs to several, arguably-protected classes, the plaintiff has failed to allege that any of the defendants' actions were taken because of his status as a member of any of these classes."). Although Plaintiff alleges that he is disabled (Complaint at 1–2), he does not allege that the Defendants conspired against him because of his disability. *See e.g., Thomas v. News World Communications*, 681 F. Supp. 55, 68–70 (D.D.C. 1988) (§ 1985(3) conspiracy claim dismissed because the plaintiff's complaint "fails even to mention any possible religious animus in defendants that might have motivated or contributed to the injury alleged.").

Plaintiff seems to allege that the Defendants conspired against him because they knew that his alleged disability left him without the financial resources to "fight the intentional injustices inflicted upon him." Complaint at I. Assuming *arguendo* that disability is a protected class under section 1985(3), Plaintiff's Complaint merely states that the Defendants took conspiratorial action against him because they knew he could not afford to mount a defense. The

9

D.C. Circuit has held that "the kind of class-based animus contemplated by section 1985(3) does not include discrimination against classes defined by economic status or activity." *Hoai*, 935 F.2d at 315. Therefore, the Defendant's alleged knowledge of Plaintiff's alleged inability to afford to fight alleged injustice is immaterial.

V. **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1986.**

Where, as here, a plaintiff fails to allege a claim under § 1985, there can be no liability under § 1986, which allows for recovery of damages when defendant refuses to prevent the harms enumerated in section 1985(3). *See* 42 U.S.C. § 1986. As such, "[t]he language of this provision establishes unambiguously that a colorable claim under § 1985 is a prerequisite to stating an adequate claim for neglect to prevent under § 1986." *Thomas*, 681 F. Supp. at 72 (dismissing the plaintiff's section 1986 claim because the plaintiff failed to state a claim under section 1986). Moreover, even if Plaintiff stated a claim under § 1985, which he does not, he still does not state a claim under § 1986 because he has failed to allege that Mr. Weatherford knew of the alleged conspiracy and could have prevented it. *See, e.g., Buck v. Bd. of Elections of the City of NY*, 536 F.2d 522, 524 (2d Cir. 1976) ("Knowledge of the [conspiratorial] acts is a statutory prerequisite under 42 U.S.C. § 1986."); *Boykins v. Bloomsburg Univ. of Penn.*, 893 F. Supp. 409, 418 (M.D. Penn. 1995) ("Section 1986 allows a cause of action against the party who had knowledge of a § 1985 conspiracy, had the power to prevent it, and then failed to do so."), *aff'd mem.*, 91 F.3d 122 (3d Cir. 1996), *cert. denied*, 519 U.S. 1078 (1997). Thus, Plaintiff's section 1986 claim should likewise be dismissed.

VI. **PLAINTIFF CANNOT ALLEGE A VIOLATION OF 42 U.S.C. § 1988 BECAUSE THAT STATUTE CONFERS NO SUBSTANTIVE RIGHTS ON PLAINTIFF.**

Section 1988 neither confers jurisdiction nor rights; therefore, Plaintiff's attempt to bring a claim under this statute fails. *See Saad v. Burns Int'l Sec. Servs., Inc.*, 456 F. Supp. 33, 38 (D.D.C. 1978) ("42 U.S.C. § 1988 is merely a procedural provision which 'instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts.' It does not create any independent cause of action." (quoting *Moor v. County of Alameda,* 411 U.S. 693, 703 (1973)). Without an underlying cause of action properly alleging a deprivation of a federal right, there can be no recovery—and, certainly no cause of action—under section 1988.

VII. **PLAINTIFF' COMPLAINT AGAINST REGIONS BANK AND MORGAN KEEGAN SHOULD BE DISMISSED BECAUSE SECTIONS 1983, 1985, AND 1986 DO NOT ALLOW *RESPONDEAT SUPERIOR* LIABILITY.**

Plaintiff's Complaint specifically alleges that Morgan Keegan is sued under a *respondeat superior* theory (Complaint at 3), and apparently asserts the same theory of liability against Regions Bank (as there are no allegations against Regions Bank apart from those that allege that Mr. Weatherford is a Regions Bank agent). These claims should be dismissed because courts have rejected *respondeat superior* liability under various sections of the civil rights statutes. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691 (1978) ("[W]e conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); *Harris v. I.K. Ostrout Co.*, 65 F.3d 912, 917 (11th Cir. 1995) (affirming the dismissal of a complaint against a shift captain in a prison because "[t]here is no *respondeat superior* liability under § 1983"); *Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 495 (D.N.J. 2006) (dismissing a plaintiff's § 1983 claims against a casino and other private defendants because "the

11

reasoning of *Monell* applies with equal force in cases involving private corporations"); *DiMaggio v. O'Brien*, 497 F. Supp. 870, 875–76 (E.D. Penn. 1980) (holding that the *Monell* prohibition on *respondent superior* liability "applies with equal force to § 1985"); *Price v. Parks-Belk, Inc.*, 72 F.R.D. 84, 85 (E.D. Tenn. 1976) (asserting that "under the provisions of the Civil Rights Act the doctrine of *respondeat superior* does not apply").

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court dismiss Plaintiff's Complaint because this Court lack's subject matter jurisdiction. In the event that the Court finds that it has jurisdiction, Defendants respectfully request that the Court dismiss Plaintiff's Complaint because this district is not the appropriate venue for this matter. In the event that the Court finds that the Court has jurisdiction and venue is appropriate, Defendants respectfully request that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

A proposed Order is attached.

Respectfully submitted,

/s/ James T. Phalen
James T. Phalen (D.C. Bar No. 435205)
Brian R. Meiners (D.C. Bar No. 482039)
King & Spalding
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel:    202-737-0500
Fax:    202-626-3737

Attorney for Defendants

## Certificate of Service

I hereby certify that a copy of the foregoing Motion to Dismiss, the Memorandum in Support thereof, and a proposed Order were served this 7th day of November 2007 by first-class mail, postage prepaid to

Daniel L. DuMonde,
#21609-001, Mobile-B
FPC Maxwell Air Force Base
Montgomery, Alabama 36112
Plaintiff, *pro se*

/s/ James T. Phalen
James T. Phalen

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DANIEL L. DUMONDE

    **Plaintiff,**

vs.                                                                   Case No. 1:07-cv-01830 (JR)

REGIONS BANK, MORGAN KEEGAN,
and BRUCE WEATHERFORD

    **Defendants.**

_____/

## [PROPOSED] ORDER

Having considered Defendants' Motion to Dismiss, the Memorandum of Law in support thereof, Plaintiff's Opposition thereto, and Defendants' Reply, it is hereby ORDERED that

The Motion is GRANTED and the case is DISMISSED because this Court lacks jurisdiction over the Defendants.

The Motion is GRANTED and the case is DISMISSED because venue is not proper in this district.

The Motion is GRANTED and the Complaint is DISMISSED WITH PREJUDICE because Plaintiff has failed to state a claim upon which relief can be granted.

_____                                        _____
Date                                                                          The Honorable James Robertson
                                                                                                   United States District Judge

copies to:

Daniel L. DuMonde,
#21609-001, Mobile-B
FPC Maxwell Air Force Base
Montgomery, Alabama 36112
Plaintiff, *pro se*

James T. Phalen
Brian R. Meiners
King & Spalding
1700 Pennsylvania Ave, NW
Washington, D.C. 20006
Counsel for Defendants