ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DANIEL L. DuMONDE,

    Plaintiff,

VS.

REGION'S BANK; MORGAN KEEGAN-
and Bruce Weatherford,

    Defendants.

CASE No. 07-01830,JR

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS

COMES THE PLAINTIFF, DANIEL L. DuMONDE, Pro-Se, and files -OBJECTIONS to the Defendant's Motion to Dismiss Plaintiff's Complaint", and as follows:

The Defendant's have submitted three seperate and ("independent")-grounds for dismissing Plaintiff's Complaint-

**(1)** Defendants request dismissal pursuant to **Rule 12(b)(2),Federal Rules of Civil procedure**, citing Plaintiff has not "properly" alledged that this Court has jurisdiction over the defendants-"<u>or</u>" **(2)** Pursuant to **Rule 12(b)(3)** because Plaintiff has not "properly" alledged that venue in this Court is proper; "<u>or</u>" **(3)** Pursuant to **Rule 12(b)(6)**, "because Plaintiff has "falied to State a Claim" upon which relief can be granted", and requests "Dismissal with <u>"prejudice"</u>.

**Plaintiff** <u>Objects</u> that None of these Defenses, when the totality of the circumstances are considered, are accurate for Dismissal, and respectfully requests the Court to-

**(PAGE ONE)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DuMONDE,
      Plaintiff,

VS.

CASE No. 07-01830-JR

REGION'S BANK, MORGAN KEEGAN,
and Bruce Weatherford,
      Defendants.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF DENYING DEFENDANT'S- -"MOTION TO DISMISS".

**PLAINTIFF** Has sued Region's Bank <u>directly</u> and in outrage for allowing use of it's Corporate Name on an **Illegal -Indictment** which caused an **Fraudulent Federal Trial**, conducted <u>without Personal-or Subject Matter Jurisdiction-</u> and resulting in Plaintiff's <u>False Imprisonment,</u> **whereby he continues to suffer**, and where the underlying <u>uncontestable- facts</u> are that the trial was initiated by Corrupt State of Alabama and their Ruthless Federal friends in Conspiracy to cover up and conceal fact of <u>Plaintiff's **ABDUCTION FROM HIS HOME**</u> by use of **FAKE DOCUMENTS ONLY PURPORTING TO BE STATE OF ALABAMA "ARREST WARRANT" AND "PROBABLE CAUSE" AFFIDAVIT, which constitued actual-<u>KIDNAPPING</u>.** Defendant Bruce Weatherford was not a legitimate "witness" to anything, while providing- incriminating testimony without any Personal Knowledge of any crime committed, and except for defendants active role, the Fraud and injury could not have occurred: **"Regions Bank- is Responsible for Egregious Injury,** while appearing on the-

**(PAGE ONE)**

# M E M O R A N D U M

-Indictment for Case No **Cr-04-B-0176-S**, charging-<u>BANK FRAUD</u>. Defendants Authored the <u>Conspiracy</u>. Clearly stated in the Complaint, "Region's Bank <u>allowed</u> use of it's Corporate Name. They **sent** Representative Bruce Weatherford to Appear in that <u>SHAM</u>-Trial, <u>Knowing that No Crime had occurred at Region's Bank, and **knowing** that Region's Bank had not otherwise been injured.</u> The simple fact here is had Region's Bank not intended to deprive Plaintiff of Liberty and Freedom by Fraudulent means, they could-and **<u>should have refused to appear</u>** or assist the scheme when the **plain fact** is, that Region's Bank had <u>No Knowledge what-so-ever that this Plaintiff ever committed any crime against-**Region's** Bank.</u> That Plaintiff has stated claims for which relief can be granted, is clearly apparent, and should not be dismissed under **Rule 12(b)(6)**:

> "on motion to dismiss for failure to state a claim, the court must assume the truth of the facts alledged in the complaint, and <u>**may grant the motion only if it appears beyond doubt**</u> that the complainant will be unable to prove any set of facts that would justify relief".
> <u>Summit Health, Ltd. v. Pinhas</u>, 500 U.S. 322,325, 111 -S Ct. 1842, 114 L Ed. 2d 366 (1991); <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957); <u>Browning v. Clinton</u>, 292 F 3d 235, 242,- (2002).
> (Emphasis Added).

Citing <u>Haines V. Kerner</u>, 404 U.S. 519, 30 L Ed 652,92, S Ct.594,,(Holding Pro-Se litigants to less stringent standards that actual lawyers), Plaintiff would assert that his claims while not exactly technically written concisely, <u>are clear when-indulged</u>- "The Complaint is construed liberally in plaintiff's favor, and <u>the Court must grant plaintiff the benefit of all - reasonable inferences that can be derived from the facts</u> alledged"-<u>Kowal v. MCI Communications Corp</u>, 16 F 3d 1271,1276- (D.C. Cir. 1994).                (emphasis added)

(PAGE TWO)

# M E M O R A N D U M

The Defendants Alledge lack of Jurisdiction of the person of the defendants, by citing **Rule 12(b)(2)**.

First, Plaintiff has asserted via the Complaint that <u>Region's -Bank</u> has **Minimal Contacts** in the District of Columbia, as a financial Institution transacting business of <u>National</u> Banking in The District of Columbia. It should be apparent that region's Bank does in fact conduct business here, and this <u>defendant has **Not Rebutted** Plaintiff's assertion</u>. A District of Columbia Court may exercise personal jurisdiction over a person, who acts directly-<u>or by an agent</u>, as to a claim for relief arising from the persons-

> **(3)** causing tortious injury in The District of Columbia by an act or ommission in The District of Columbia;
>
> **(4)** causing tortious injury in The District of Columbia <u>if he regularly does or **solicits business**-</u>[or] engages <u>**in any other persistent course of conduct**</u>...in The District of Columbia".
> (Emphasis Added)   -<u>Id</u> D.C. Code Ann. §13-423-(a)

Plaintiff submits a <u>**causation**</u> theory, for which this Court is familar with in Plaintiff's civil **R.I.C.O.** Case <u>No. 07-0715--JR</u>, also filed in this District. That is, except for the Defendant Region Bank's lending use of it's Name to Fraudulent Federal proceedings, and defendant **Bruce Weatherford's** arbitrary appearance while giving testimony tending to incriminate this Plaintiff in his criminal trial **No. Cr-04--B-0176**, Plaintiff, as a Federal Defendant "convicted" of a **Non-Existent Federal crime** of "Bank Fraud"of Region's Bank, resulting in Plaintiff's **False Confinement**,where he remains-even now most <u>**llegally Imprisoned**</u>     by The U.S. Attorney-

**(PAGE THREE)**

M E M O R A N D U M

--General's Office, who is <u>acting as the Defendant's Agent</u>- located right here in The District of Columbia. The (former) Attorney General, Alberto Gonzales, is named defendant in the aforementioned **civil R.I.C.O.** filed in this District, and relating to these very same basic facts of this case. Plaintiff asserts that the current Attorney General, Michael Mukasey, is in fact acting as the here defendant's agent in the Conspiracy:

> So long as any one co-conspirator commits at least one overt act in the forum jurisdiction suffcient to establish long arm jurisdiction over that person and the act committed is in furtherance of the Conspiracy, **there is personal jurisdiction over all members of the conspiracy** under the District of Columbia subsection of the long arm statute that governs personal jurisdiction based upon the conduct of an agent".
> <u>**FC Inv. Group LC. v. IFX Markets Ltd.**</u>, 2007, <u>479 F Supp 2d 30.</u>

Thus, Plaintiff's objections to Defendant's request for dismissal pursuant to **Rule 12(b)(2)**, are <u>twofold</u>: **(1) The Defendant Region's Bank** clearly does business in The District of Columbia regularly, -and Defendant has <u>failed to refute this claim</u>, and therefore has minimal contacts in the District **by D.C. Code <u>§13-423-(a)(3),(4)</u>**, and **(2)** By causation theory, the Defendants -<u>Region's Bank</u>-and <u>Bruce Weatherford</u>, have an agent in the Conspiracy of The U.S. Attorney General's Office, and who is also located here in The District of Columbia, which has and continues to cause the Plaintiff tortious Injury.

**(PAGE FOUR)**

M E M O R A N D U M

In additional support of Plaintiff's argument, Defendants Bruce Weatherford-and Region's Bank have caused Fraudulent Judgement to be rendered and thus caused <u>Fraudulent legal-Process to ocurr in The District of Columbia</u>. It has been held that in torts such as defamation, a non resident defendant never physically present in a State can commit an "act" in that State when he causes a communication to be published there. <u>See</u> e.g.,<u>Buckey v. New York Post Corp</u>, 373 F 2d 175, (2nd Cir.1967); <u>Jones v. Calder</u>, 138 Cal. App. 3d.128. 187 Cal. Rptr.825-(1982), aff'd on other grounds-U.S.---,104 S Ct. 1482, 79 L Ed. 2d 804 (1984).

Defendants argue that venue is not proper in this Court and requests dismissal by **Rule 12(b)(3)**.

This Court is familar with details of Plaintiff's civil R.I.C.O. Case No. <u>07-0715-JR</u>, which names as Defendant-**<u>Chief Judge Sharon Lovelace Blackburn</u>**, U.S. District Court at The Northern District of Alabama, in relation to the very same basic facts of the instant case. Therefore, Plaintiff <u>cannot-bring this Complaint in that District</u>, where certainly a **<u>conflict exists</u>**. Therefore, venue is proper here, and should not be dismissed by Rule 12(b)(3),as defendant requests.

<u>**PLAINTIFF OBJECTS TO DEFENDANT'S §1983, §1985(3) ARGUMENTS**</u>

First, Plaintiff asserts that as it is clear that the U.S. District Court in Birmingham, Alabama, had No Personal Jurisdiction to conduct a Federal trial to Bad State Facts where <u>uncontestable</u> fact is that in-an <u>Unbroken chain of State-</u>

(PAGE FIVE)

M E M O R A N D U M

--**to Federal Custody** and while the Bad State facts sought to be Federally "prosecuted", thus **Usurped,** were in fact simultaneously in The Alabama State Appeals Court-Ex-Parte-on Appeal by State Writ of Habeas Corpus, contesting the same facts as an illegal arrest, since been Positively Shown to be true, (Complaint Exhibits,"C" and "D"), it is proven **Ipso Facto** that there was also -**No Subject Matter Jurisdiction**, by the uncontestable fact that as Plaintiff was charged for "Bank Fraud" of Region's Bank, and Defendant Region's Bank, nor it's agent , Bruce Weatherford, did not have ANY Knowledge of any Crime committed against either Weatherford or The Bank. This - outrageous and uncontestable fact alone, validates this Cause of action against both **Weatherford and Region's Bank.**

Therefore, The Federal Trial, conducted in an unbroken chain of State to Federal Custody of the same Bad State Facts where Plaintiff was **Seized From His Home by use of FAKE State Arrest Warrant Documents,** and where even if the Abduction-**Kidnapping** had not ocurred, and it had been a legal arrest, there was absolutely No Subject Matter Jurisdiction to charge a Federal crime, and the **Federal trial was Conducted under-color of State Law**, as the Bad State Facts were the exclusive facts of The Federal trial, and the facts were Fraudulently represented by the Defendants, who supported the Corrupt Officials by lending of their name under fraudulent pretenses, then furthering the Conspiracy by Bruce Weatherford's -Testimony.

CAUSATION:--Liability under **§1983** is extended only to a - "person" who "subjects" an individual to a violation of Federal-

(PAGE SIX)

M E M O R A N D U M

--Rights or "causes" the individual "to be subjected" to such violation. In the past, the **Supreme Court** has said the **§1983**- "should be read aginst the background of tort liability that makes a man responsible for the natural consequences of his actions"-**Monroe v. Pape**, 365 U.S. 167, 187, 81 S.Ct. 473, 484- (1961), Consequently, §1983 liabilty may ensue even though the person sued had no intent to deprive Plaintiff of a Federal -Right. **Id**. In fact, the Supreme Court has specifically observed that §1983 contains no state of mind requirement -what- -soever,-**Daniels v. Williams** 474, U.S. 327, 329-30, 106 S Ct. 662, 664 (1986). However, even as §1983 imposes no such requirement, Plaitiff asserted and asserts that Region's Bank and Bruce Weatherford did act with a certain state of mind, while **Absolutely Knowing**[*1] that Plaintiff was (1) being charged- with crime against Region's Bank, and (2): Proceeded to assist- the Prosecution under false pretenses, in furtherance of Conspiracy to deprive Plaintiff of Civil rights **under color of State**-(and Federal **Law**)-where that Court has No Personal or Subject Matter Jurisdiction.

Therefore, Defendant Bruce **Weatherford** and Region's Bank had Knowledge,**Ipso Facto**, wilfully participated in the scheme, and failed to prevent the wrong, also subjecting them to liabilty under **Title 42,U.S.C. §1986**, because, **contrary to Defendant's** additional Argument that 42 U.S.C. **§1985(3) is also improper** here, Plaintiff Objects that the facts and circumstances show otherwise. Defendant says Plaintiff-"alledges" he is disabled"-

**Id.** Defendant Memorandum, Page (9), or 11 of 15, "he does not alledge that the defendants conspired against him because of his disability".

(PAGE SEVEN)

---

[*1] Defendant Weatherford has No immunity as a"Trial Witness" when he KNEW Plaintiff Had committed No crime, and where the trial was conducted without Jurisdiction.

# M E M O R A N D U M

First, the Defendants **knew or should have known** that Plaintiff is in fact a legally declared medically disabled person, when Plaintiff was at the time of the Conspiracy, a <u>**legitimate customer of region's Bank,**</u> maintaining both Checking, savings and debit card accounts at Region's Bank, Bessemer, Alabama, and where the primary source of his income was <u>Federal "S.S.I." Disability check,</u> which arrived at Region's Bank via <u>direct deposit</u>. Therefore, the defendants cannot truthfully submit to this Court that they were "unaware" of this fact. This-Knowledge coupled with the Knowledge of his account balances at any given time, the Defendants proceeded to inflict tortious acts in furtherance of conspiracy, while knowing Plaintiff would not be able to afford proper Defense Counsel. Therefore, the defendants <u>**knowingly proceeded to defraud lawfully Disabled Plaintiff**</u> of Rights through Conspiracy with The A.U.S.A./U.S. ATTORNEY, and The State Actors who Kidnapped Plaintiff. The <u>**Exhibit Doc.1,**</u> **(Fake State Arrest Warrant)**-list as **Plaintiff Employer: <u>Disabled</u>.** Therefore, this factor, was taken into consideration by Plaintiff's Kidnappers,(as The Defendant's Co-cospirators,) at the time of **Concocting the Fake Warrant and contemplating Seizing Plaintiff by use of same,** subsequently that Seizure/<u>kidnapping</u> being consumated by use of same.

Therefore, Plaintiff <u>does show an animus connection between his disability and the civil rights violations in Conspiracy of §1985(3)</u>, where the <u>FAKE Arrest Instruments target/show this.</u>

"Protections of **42 U.S.C. §1985(3)** extend to both females and handicapped persons as classes"
<u>**Larson by Larson and Miller**</u>, (1995,CA 8 Neb) 55 F3d 1343, vacted without op, reh en banc,gr(1995 CA 8 Neb) 67 F3d,484,13 ADD 338)

(PAGE EIGHT)

## RESPONDEAT SUPERIOR/-DEFENDANT MORGAN KEEGAN

Plaintiff agrees with Defendant that **42 U.S.C. §1983,§1985**, does not allow for **Respondeat Superior** liability. Therefore, Plaintiff redacts this Defendant from such liability here, while <u>reserving Right to otherwise bring suit</u> against **Morgan-Keegan**, in seperate theory at a later date.

**IN CONCLUSION,**

Both Defendants, Region's Bank and Bruce Weatherford are "persons" who have deprived Plaintiff of Federally Protected Rights under color of State Law, where they allowed use of their Corporate Name and provided testimony in a Fradulent Federal trial where Defendants knew or should have known Plaintiff was a disabled customer in good standing, and that this <u>Plaintiff did not, and has never injured or committed any crime against the Defendants</u>, yet proceeded wilfully- to assist in a clear conspiracy to injure the Plaintiff's civil Rights, by which he remains in Egregious Circumstances as result. The Federal trial conducted to Bad State of Alabama facts, are actionable under **42 U.S.C. §1983**. Plaintiff also asserts that **§1985(3)**, and **§1986** are appropiate statutory- vehicles in this case, the Plaintiff has clearly stated a claim, and the Complaint should not be dismissed.

RESPECTFULLY SUBMITTED,

THIS _16_ DAY OF NOVEMBER, 2007,

By- /s/ *[signature]*

DANIEL L. DuMONDE, PLAINTIFF,
-PRO-SE-

**(PAGE NINE)**

## PROOF OF SERVICE

That I, Daniel L. DuMonde, do hereby swear and affirm that I have caused true copy of the foregoing "PLAINTIFF'S OBJECTION"S TO DEFENDANT'S MOTION TO DISMISS" and Incorporated, as attached hereto,-""PLAINTIFF'S MEMORANDUM IN SUPPORT OF DENYING DEFENDANT'S "MOTION TO DISMISS", to be placed in the mail box of this Institution, correct U.S. Postage Paid, and addressed to the following Partys:

ATTORNEY FOR DEFENDANTS:

James T. Phalen
Brian R. Meiners
King and Spalding
1700 Pennysylvannia Avenue, N.W.
Washington, D.C., 20006


SO SWORN BY TITLE 28,U.S.C. §1746,

AND DONE, THIS  16  DAY OF NOVEMBER, 2007,

By-
/s/ Daniel L. DuMonde
DANIEL L. DuMONDE, PLAINTIFF, PRO-SE
#21609-001, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

(PAGE TEN)