UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**DANIEL L. DUMONDE**

    **Plaintiff,**

vs.                                                 Case No. 1:07-cv-01830 (JR)

**REGIONS BANK, MORGAN KEEGAN,**
**and BRUCE WEATHERFORD**

    **Defendants.**

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' MOTION TO DISIMISS

Defendants filed a motion to dismiss that correctly identified dispositive defects in Plaintiff's Complaint. In Plaintiff's Objections to Defendants' Motion to Dismiss ("Objections"), Plaintiff fails to rebut any of Defendants' arguments in favor of dismissal. As such, Plaintiff's Complaint should be dismissed.

## ARGUMENT

**I.  DEFENDANTS' MOTION LIBERALLY CONSTRUED THE ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT.**

Plaintiff's Objections argue that dismissal is inappropriate because the Complaint stated a "clearly apparent" claim for relief based on the liberal pleading standard afforded to *pro se* plaintiffs. *See* Objections at 2. The Defendants do not contest the Federal Rules' liberal pleading standard or the leniency generally afforded to *pro se* plaintiffs. However, as the Plaintiff himself noted, the Defendants accepted the Plaintiff's factual allegations as true. *See, e.g.*, Objections at 3 (stating that the "defendant has not rebutted Plaintiff's assertion" that Regions Bank is a "financial Institution transacting the business of National Banking in the

District of Columbia"). However, as addressed in Defendants' Motion, Plaintiff's Complaint fails to properly allege jurisdiction, venue, or a cause of action upon which relief can be granted, no matter how liberally the allegations are construed.

## II. PLAINTIFF CONCEDES THAT SECTIONS 1983, 1985, AND 1986 DO NOT ALLOW *RESPONDEAT SUPERIOR* LIABILITY.

Plaintiff "agrees with Defendant[s]" that the civil rights statutes do not allow *respondeat superior* liability. *See* Objections at 9. Plaintiff has thus "redact[ed]" (or dismissed) Morgan Keegan from his original Complaint. *Id*. Plaintiff's appropriate concession on *respondeat superior* liability as to Morgan Keegan is fatal to Plaintiff's claim against Regions Bank, which is allegedly liable due only to the actions of its agent, Mr. Weatherford. This is *respondeat superior* liability, which as Plaintiff concedes, the civil rights statutes do not allow.

## III. PLAINTIFF APPARENTLY CONCEDES THAT HE CANNOT ALLEGE A VIOLATION UNDER § 1988.

Plaintiff's Objections do not address Defendants' argument that 42 U.S.C. § 1988 confers no substantive rights. *See* Motion to Dismiss at 11; Plaintiff's Objections at 9 (addressing claims based on 42 U.S.C. §§ 1983, 1985(3), and 1986 only). Therefore, the Plaintiff has apparently conceded that he cannot maintain an action under § 1988.

## IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO ALLEGE THAT THIS COURT HAS JURISDICTION OVER THE DEFENDANTS.

Plaintiff argues that this Court has personal jurisdiction over Regions Bank and Mr. Weatherford for two reasons: (1) Regions Bank "clearly does business in the District of Columbia;" and (2) "[b]y causation theory" of a conspiracy involving the U.S. Attorney General's Office. Objections at 4. Neither argument is correct.

A.   **Plaintiff Fails to Allege That Regions Bank's Contacts within the District of Columbia Are Sufficient to Establish Jurisdiction.**

Although Plaintiff correctly cites the D.C. long-arm statute (D.C. Code Ann. § 13-423) at page 3, he fails to explain how the Complaint alleges either that the alleged tortious act occurred in the District of Columbia, or that the Defendants "regularly conduct" business in the District of Columbia. Instead he argues without factual support that "it should be apparent that Region's Bank does in fact conduct business here" (Objections at 3), apparently relying on Regions Bank's membership in the Federal Deposit Insurance Corporation. *See* Complaint at I; Objections at 3 (asserting that Regions Bank is "a financial Institution transacting the business of National Banking in the District of Columbia"). These allegations are insufficient to establish long-arm jurisdiction, which requires that Regions Bank's "contacts within the District [must] have been so continuous and systematic that it could foresee being haled into court in the District of Columbia." *See Mountridge v. Exxon Mobil Corp.*, 471 F. Supp. 2d 20, 20–21 (D.D.C. 2007); *see also* Motion to Dismiss at 4–6. Nothing in Plaintiff's Complaint or Objections explains how Regions Bank could have foreseen being haled into this Court.

B.   **Plaintiff's Bare Allegations of Conspiracy Fail to Provide Personal Jurisdiction for Mr. Weatherford and Regions Bank.**

Plaintiff attempts to find jurisdiction by alleging for the first time that Defendants had actually conspired with the former and current U.S. Attorneys General, who are located in the District of Columbia. Plaintiff then relies on *FC Inv. Group LC v. IFX Markets, Ltd.*, 479 F. Supp. 2d 30, 41 (D.D.C. 2007), to argue that the Court has jurisdiction over all members of an alleged conspiracy, if it has jurisdiction over one of the alleged conspirators. *FC Investment Group* does not provide the magic pill that Plaintiff seeks: "[c]ourts in this circuit have applied the test for co-conspiratorial jurisdiction 'warily' in order 'to prevent a broad extension of long-

3

arm jurisdiction.'" *FC Inv. Group*, 479 F. Supp. at 42 (citation omitted); *see also Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (asserting that "bare allegations of conspiracy or agency is insufficient to establish personal jurisdiction" (citation omitted)).  In both his Complaint and Objections, the Plaintiff asserts nothing more than bare allegations that the Defendants conspired with corrupt federal and state officials.  He pleads no facts to support the new argument that former Attorney General Gonzales and current Attorney General Mukasey somehow conspired with Defendants.

### V. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER.

Plaintiff contends that venue is proper in the District of Columbia because he assumes that his pending action against Northern District of Alabama Chief Judge Blackburn creates a conflict.  Objections at 5.  Importantly, he does not explain why another judge on that court, or another judge sitting by designation, could not hear this case in the Northern District of Alabama.  Apart from this unsupported conflict claim, Plaintiff has not addressed, and thus concedes, the remainder of Defendants' venue arguments.  Therefore, his Complaint should be dismissed because venue is not proper in the District of Columbia.

### VI. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. §§ 1983, 1985(3), AND 1986.

#### A. Plaintiff's § 1983 Claim Should Be Dismissed Because Trial Testimony Cannot Give Rise to Civil Liability.

The Plaintiff's Objections do not attempt to address Defendants argument that liability under § 1983 cannot be predicated on trial testimony. *See, e.g.*, *Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983) (holding that § 1983 "does not allow recovery of damages against a private party for testimony in a judicial proceeding"); *see also* Motion to Dismiss at 7.  Rather, his Objections

attempt to divert the Court to irrelevant points, namely: (a) his assertion that the Defendants "did not have ANY knowledge of any Crime committed against either Weatherford or The Bank"; and (b) that § 1983 does not impose a state-of-mind requirement. Objections at 6–7. Although the above assertions may be true, neither addresses the Complaint's fundamental flaw: trial testimony cannot be the basis of § 1983 liability. Therefore, this Court should dismiss Plaintiff's § 1983 claim.

> B. **The Plaintiff's §§ 1985(3) and 1986 Claims Should be Dismissed Because the Plaintiff Does Not Adequately Allege a Conspiracy.**

The Defendant impermissibly continues to rely on conclusory allegations to state his conspiracy claim under § 1985(3). *See, e.g.*, *Graves v. United States*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing the plaintiff's civil rights conspiracy claim because "[o]ther than conclusory allegation . . . the plaintiff has failed to allege any facts showing the existence or establishment of an agreement"); *see also* Motion to Dismiss at 8–10. Once again, the Plaintiff merely alleges that the Defendants "supported," "assist[ed]," and "allowed" the conspiracy— without ever alleging any facts to support these allegations. *See* Objections at 6–9.

Furthermore, the Plaintiff has failed to show that a discriminatory animus motivated the alleged conspiracy, as required by § 1985(3). As he did in his Complaint, Plaintiff re-asserts that the Defendants were aware of his disability and "proceeded to inflict tortious acts . . . knowing Plaintiff would not be able to afford proper Defense Counsel." Objections at 8. However, even assuming that this argument can be construed as an allegation that Defendants discriminated against Plaintiff because of his economic status, the § 1985(3) claim must be dismissed because § 1985(3) does not protect against discrimination based on economic status. *See Hoai v. Vo*, 935 F.2d 308, 315 (D.C. Cir. 1991). Therefore, the Defendant's alleged knowledge of Plaintiff's inability to afford defense counsel is immaterial.

Because the Plaintiff fails to allege a § 1985(3) conspiracy, his § 1986 claim should likewise be dismissed. *See Thomas v. News World Commc'ns.*, 681 F. Supp. 55, 72 (D.D.C. 1988) (dismissing the plaintiff's § 1986 claim because the plaintiff failed to state a claim under § 1985).

## CONCLUSION

For all of the foregoing reasons, and those set forth in Defendants' Motion to Dismiss, Defendants' motion should be granted.

Respectfully submitted,

/s/ James T. Phalen
James T. Phalen (D.C. Bar No. 435205)
Brian R. Meiners (D.C. Bar No. 482039)
King & Spalding
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel:   202-737-0500
Fax:   202-626-3737

Attorneys for Defendants

**Certificate of Service**

On this 29th day of November 2007, a copy of the foregoing Reply to Plaintiff's Objections to Defendants' Motion to Dismiss was filed electronically. I also hereby certify that a copy of the foregoing Reply to Plaintiff's Objections to Defendants' Motion to Dismiss was served this 29th day of November 2007 by first-class mail, postage prepaid to

Daniel L. DuMonde,
#21609-001, Mobile-B
FPC Maxwell Air Force Base
Montgomery, Alabama 36112
Plaintiff, *pro se*

/s/ James T. Phalen
James T. Phalen